UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUADRA WALTON, §| |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-cv-4968 |
| § | |
| JAMES LOVELESS MONCEAUX, ET AL., § | |
|    *Defendants*. § | |

### MEMORANDUM & RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Direct Negligence Claims Against Fast Trac and Gross Negligence Claims Against Both Defendants (ECF No. 26).[1] Plaintiff filed a response (ECF No. 44)[2], Defendants filed a reply (ECF No. 45), and Plaintiff filed a surreply (ECF No. 52). On January 5, 2022, the Court held a hearing on this motion. Having considered the briefing, arguments made at the hearing, and the applicable law, the Court RECOMMENDS that the motion (ECF No. 26) be GRANTED.

### I.  Background

On May 22, 2019, Plaintiff was injured when she was struck by a tractor-trailer truck operated by Defendant James Loveless Monceaux, who was acting in the course and scope of his employment with Defendant Fast Trac Transportation, LLC. ECF No. 26 ¶¶ 4, 25; ECF No. 44 ¶ 1. Plaintiff alleges that her resulting injuries and damages were caused by the negligence of both Defendants. ECF No. 1-4 ¶ 7. Specifically, Plaintiff contends Monceaux's conduct constitutes

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF No. 19.

[2] Plaintiff's response (ECF No. 44) did not include the excerpts of deposition transcripts cited to in Plaintiff's brief. Pursuant to this Court's order, Plaintiff filed the referenced deposition transcript excerpts on December 27, 2021 (ECF No. 51), which the Court considered in this Memorandum and Recommendation.

negligence, negligence per se, and gross negligence. ECF No. 1-4 ¶ 9. Plaintiff's Complaint further contends that Fast Trac is liable for negligent hiring and retention, negligent entrustment, negligent training and safety implementation, and gross negligence. ECF No. 1-4 ¶¶ 8-9.

Defendants filed a motion for partial summary judgment with respect to Plaintiff's direct negligence claims against Fast Trac and her gross negligence claims against Monceaux and Fast Trac. ECF No. 26. Plaintiff filed an initial response to Defendants' Motion for Summary Judgment in which she conceded that her direct negligence claims against Fast Trac are moot in light of Fast Trac's stipulation that Monceaux was acting in the course and scope of his employment at the time of the accident and that Monceaux's ordinary negligence caused the accident. ECF No. 44 at 3.

## II. Summary Judgment Standards

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.2d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment, the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculations, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325). When a heightened proof standard will apply at trial, that standard controls at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) ("[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden.").

### III. Discussion

#### A. Plaintiff concedes that her direct negligence claims against Fast Trac should be dismissed.

Under Texas law,[3] where a defendant employer has already admitted to vicarious liability for its employee's actions, evidence supporting alternative direct negligence theories such as negligent hiring, negligent training, or negligent entrustment is inadmissible. *Simmons v. Bisland*, No. 03-08-00141-CV, 2009 WL 961522, at *4 (Tex App.—Austin Apr. 9, 2009, no pet.). "[I]f vicarious liability is not contested, the employee's competence and the employer's own negligence in hiring, failing to properly train, or negligent supervising become irrelevant." *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009). Plaintiff failed to respond

---

[3] Texas law governs this diversity action. *See Brown v. Cities Serv. Oil Co.*, 733 F.2d 1156, 1159 (5th Cir. 1984) (explaining that the Texas conflicts rule "directs the application of the substantive tort law of the state that has the most significant relationship to the facts and circumstances surrounding the litigation.").

3

to Fast Trac's motion for partial summary judgment on the direct negligence claims and conceded during the January 5, 2022 hearing that her direct negligence claims against Fast Trac should be dismissed. Because Fast Trac has stipulated to vicarious liability for Monceaux's ordinary negligence, and because Plaintiff does not oppose dismissal of the direct negligence claims against Fast Trac, the Court recommends those claims, *i.e.* the claims for negligent hiring and retention, negligent training and supervision, and negligent entrustment, be dismissed with prejudice.

**B. Defendants are entitled to summary judgment on Plaintiff's gross negligence claims.**

Under Texas law, proof of gross negligence consists of both an objective and a subjective element. *U-Haul Int'l Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). To prove gross negligence, a plaintiff must prove that: "1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 41.001(11)). "Under the objective component, 'extreme risk' is not a remote possibility of severe harm or a high probability of minor harm, but the likelihood of the plaintiff's serious injury." *Id*. The subjective component, meanwhile, requires that the defendant was aware of the extreme risk and demonstrated an indifference to the consequences of his act or omission. *Id*. at 138. The subjective prong requires "an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994), *superseded by statute on other grounds*.

4

In addition, Texas law requires Plaintiff to prove her gross negligence claim under the heightened standard of clear and convincing evidence. *Petri v. Kestrel Oil & Gas Props., L.P.*, 878 F. Supp. 2d 744, 766 (S.D. Tex. 2012). The clear and convincing evidence standard requires Plaintiff to produce evidence that is "sufficient to make the existence of the facts highly probable," or in other words, "sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the allegation sought to be established." *Foley v. Parlier*, 68 S.W.3d 870, 880 (Tex. App.—Fort Worth 2002, rehearing overruled (Mar. 14, 2002)).

**1. Monceaux is entitled to summary judgment on the gross negligence claims.**

Although Defendants concede Monceaux was negligent in failing to see Plaintiff's vehicle before changing lanes, "Texas courts have repeatedly made clear that . . . ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016). "Only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent." *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 797 (Tex. 2012) (internal quotation omitted).

Plaintiff argues "Defendant Monceaux was grossly negligent by failing to properly check for vehicles in the lane he attempted to occupy and by operating the tractor-trailer without hood mirrors." ECF No. 44 at 5-6 (capitalization omitted). Plaintiff contends that Monceaux admitted in his deposition that he failed to visually check for vehicles before changing lanes. ECF No. 44 at 6 ¶ 7. However, Plaintiff failed to include the alleged testimony with her summary judgment response filed on November 11, 2021. Prior to the hearing on Defendant's motion for partial summary judgment, the Court ordered Plaintiff to supplement the summary judgment record with the deposition excerpts cited in her response. ECF No. 50. Having reviewed the cited

deposition excerpts, the Court rejects Plaintiff's argument that Monceaux testified he failed to visually check for vehicles in the lane next to him and merely relied on flashing lights from other motorists to determine the lane was safe to enter. *Compare* ECF No. 44 at 6 ¶ 7 *with* ECF No. 51-1 at 15:16-16:25; 14:1-10; 39:17-25.[4] Contrary to Plaintiff's representations, Monceaux testified that he checked his side mirrors several times for vehicles and simply did not see Plaintiff's car because she was in his blind spot:

> I mean, I was behind the wheel and I was checking all my surroundings and looked in my mirror three times to the right side, and everybody gave me the indication that the lane was clear and I could move over. So I was trying to do that as the traffic was moving forward.
>
> \* \* \*
>
> According to what I was seeing, it was clear. It wasn't clear enough for me to be able to let out my clutch and take off rolling because, number one, I was in a traffic jam; number two, I was in construction. And from what I could understand and see from where I was sitting, because an 18-wheeler is pretty large and you got, you know, a lot of space there, you got to look over, to be able to see right beside your truck because there is a blind spot there, and I never seen when she got there. … You know, so I didn't think there was anything there by checking my mirrors and people giving me their flashing lights that the lane was clear for me to move over.
>
> \* \* \*
>
> I raised up to look that I was clear all the way around the vehicle, and I looked in the mirrors. And people from behind me was flashing their lights that I had a clear spot to come over. While looking all around, all around me to make sure before I would move I was cleared to move. And where she come from, I didn't see that or that she had even gotten beside me after I done checked all around me.

ECF No. 51-1 at 15-16; 17; 39. Simply put, the summary judgment evidence demonstrates only that Monceaux checked his mirrors before changing lanes, but failed to see Plaintiff's car.

---

[4] These cites refer to the ECF page numbers and correspond to the following citations in Plaintiffs' Response: "*Deposition Transcript of James Monceaux* pp. 13:16-25; 14:1-10; 33:17-22."

Monceaux's negligent failure to see Plaintiff in his blind spot cannot support a finding of gross negligence under Texas law.  Texas appellate courts have routinely held that a driver's carelessness in not keeping a proper lookout for other vehicles on the road, without additional aggravating factors, does not rise to the level of gross negligence.  *See, e.g.*, *Williams v. Crawford*, No. 03-16-00696-CV, 2018 WL 1124306, at *15 (Tex. App.—Austin Mar. 2, 2018, no pet.) (reversing a jury's finding of gross negligence where driver of an armored car took his eyes off the road as he approached an intersection and rear-ended plaintiff's vehicle because there was no evidence in the record that the driver was "driving at an unsafe distance, aggressively, or erratically before looking down"); *N. Am. Van Lines v. Emmons*, 50 S.W.3d 103, 128 (Tex. App.—Beaumont 2001, pet denied) (holding that a driver of a moving van who rear-ended plaintiff was not grossly negligent where the driver "was not driving appreciably faster than other vehicles on the highway and a witness noticed nothing erratic or unusual about his driving before the collision.").  For example, in *Rollins v. Calderon*, No. 17-cv-244, 2019 WL 4581439 (S.D. Tex. May 20, 2019), the court, applying Texas law, held that a defendant could not be held liable for gross negligence after he collided with a car while reversing his tractor-trailer onto a road.  *Id*. at *8.  The court explained that while the defendant may have been careless in not keeping a proper lookout for other vehicles on the road while reversing the tractor-trailer, "careless behavior does not rise to the level of gross negligence."  *Id*.  In this case, Plaintiff has presented no evidence of the type of additional aggravating factors that could convert Monceaux's negligent conduct into grossly negligent conduct.

Furthermore, Plaintiff has failed to present any summary judgment evidence to support the subjective element of a gross negligence claim.  Plaintiff contends she has satisfied the subjective element of her gross negligence claim with Monceaux's deposition testimony that he

7

failed to have hood mirrors installed on the truck even though he was aware hood mirrors would have increased his ability to see or eliminated his blind spot. ECF No. 44 at 6 ¶ 8. However, Monceaux's opinion that the addition of hood mirrors on his truck would have made the truck safer, or even allowed him to avoid the accident, does not constitute evidence that he was indifferent to the consequences of extreme risk. Indeed, a defendant's "failure to pursue the safest course available" does not rise to the level of gross indifference. *Ochoa v. P.A.M. Cartage Carriers, LLC*, No. 5:17-cv-787, 2019 WL 360528, at *4 (W.D. Tex. Jan. 29, 2019) (quoting *Agrium, U.S., Inc. v. Clark*, 179 S.W.3d 765, 767 (Tex. App.—Amarillo 2005, no pet.)).

Plaintiff has produced no evidence or case law to support her argument that driving without hood mirrors constitutes an extreme risk or that Monceaux was recklessly indifferent to an extreme risk. At the hearing Plaintiff could not point to any regulation or ordinance requiring tractor-trailers to have hood mirrors. Federal regulations do not require the use of hood-mounted mirrors for tractor-trailers, but instead provide that "[e]very bus, truck, and truck trailer shall be equipped with two rear-vision mirrors, one at each side attached to the outside of the motor vehicle, and so located as to reflect to the driver a view of the highway to the rear, along both sides of the vehicle." 49 C.F.R. § 393.80(a). Monceaux's admission that hood mirrors would have increased safety and eliminated the blind spot Plaintiff's car was in when he hit her does not raise a fact issue as to whether driving a truck without hood mirrors poses an extreme risk or that Monceaux was indifferent to the consequences of an extreme risk.

Plaintiff has failed to present any summary judgment evidence, much less clear and convincing evidence, which raises a fact issue on the objective and subjective elements of her gross negligence claim against Monceaux. Therefore, Monceaux is entitled to summary judgment with respect to the gross negligence claims brought against him.

### 2. Fast Trac is entitled to summary judgment on the gross negligence claims.

Plaintiff argues that Fast Trac should be held liable for gross negligence because it ratified Monceaux's conduct by failing to reprimand or discipline Monceaux for causing the collision with Plaintiff. ECF No. 44 at 7 ¶¶ 10-12; ECF No. 51 ¶¶ 4-14. Because the Court has concluded as a matter of law that Monceaux was not grossly negligent, Fast Trac cannot be found to have ratified any gross negligence. *See Sheppard v. R&S Transp., LLC*, No. 5:16-cv-141, 2018 WL 2292818, at *13 (E.D. Tex. Apr. 25, 2018), *adopted by* No. 5:16-cv-141, 2018 WL 2287611 (May 18, 2018) (explaining an employer could not be held liable under theory of ratification of its employee's gross negligence where the court had concluded the employee was not grossly negligent). Accordingly, Defendants are also entitled to summary judgment on Plaintiff's gross negligence claims against Fast Trac.

### IV.    Conclusion

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims for negligent hiring and retention; negligent entrustment; and negligent training and safety implementation against Fast Trac be DISMISSED with prejudice. The Court also RECOMMENDS that Defendants' Motion for Partial Summary Judgment (ECF No. 26) be GRANTED as to Plaintiff's claims for gross negligence and that claims for gross negligence against Monceaux and Fast Trac be DISMISSED with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on

appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*.

Signed on January 10, 2022 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge